IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

WILLIAM STAPLES,

               Plaintiff,

    v.                                   CASE NO. 16-3136-SAC

UNITED STATES OF AMERICA, et al.,

               Defendants.

**MEMORANDUM AND ORDER**

This matter is a *Bivens*-type civil rights action filed by a federal prisoner. On October 25, 2017, the Court granted plaintiff's motion to reopen this matter and granted leave to proceed in forma pauperis.

**The Complaint**

In Count 1, plaintiff alleges that he served unjust sanctions on three disciplinary cases before they were expunged. The disciplinary sanctions were imposed on different dates in 2015, and in each case, plaintiff was sanctioned with penalties such as loss of telephone access, commissary, and visitation. He identifies the United States, Dr. Charles Samuel, Jr., and Harrell Watts and those who denied his "exhaustion administrative remedy." (Doc. #1, p.3.)

In Count 2, plaintiff alleges that in February 2015, he was released from the Special Housing Unit. Although he was initially assigned to the B-Lower housing area, he was moved to the B-Upper area after defendant Krock removed medical restrictions from his classification. Plaintiff alleges this change in status was done at the request of defendant Mitts.

In Count 3, plaintiff alleges that in March 2015, Defendant Buttz

threatened him with placement in the SHU if he refused to sign paperwork after he attended a three-hour program in Admission and Orientation (A & O).

In a pleading attached to the complaint, plaintiff also claims that in January 2015, he was directed into a Lieutenant's office by defendant Schwarz and Lt. Sweeting, where he underwent a strip search. Plaintiff complaints that this was not done in a private location. (Doc. #1, p. 11.)

### Discussion

As a party proceeding pro se, plaintiff is entitled to a liberal construction of his pleadings. *Ghailani v. Sessions*, 859 F.3d 1295, 1303 (10th Cir. 2017). Despite this, pro se parties must "follow the same rules of procedure that govern other litigants." *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992), *cert. denied*, 507 U.S. 940 (1993).

Plaintiff's complaint joins various claims that do not appear to be related. Rule 20 of the Federal Rules of Civil Procedure governs the permissive joinder of parties and provides, in part:

> (2) Defendants. Persons … may be joined in one action as defendants if:
> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> (B) any question of law or fact common to all defendants will arise in the action.
>
> Fed.R.Civ.P. 20(a)(2).

Rule 18(a) of the Federal Rules of Civil Procedure governs joinder of claims and states: "A party asserting a claim … may join … as many claims as it has against an opposing party." Fed. R. Civ.

P. 18(a). However, the "federal Rules do not contemplate joinder of different actions against different parties which present entirely different factual and legal issues." *Zhu v. Countrywide Realty Co., Inc.*, 160 F.Supp. 2d 1210, 1225 (D. Kan. 2001)(2001)(citation omitted).

Accordingly, the Court will direct plaintiff to submit an amended complaint that limits the facts and claims to properly-joined defendants and claims, in compliance with Rules 18 and 20.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff is granted to and including February 22, 2018, to file an amended complaint.

**IT IS SO ORDERED.**

DATED:  This 23rd day of January, 2018, at Topeka, Kansas.

S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge