IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**WILLIAM STAPLES,**

        **Plaintiff,**

   v.           CASE NO. 16-3136-SAC

**UNITED STATES OF AMERICA, et al.,**

        **Defendants.**

### NOTICE AND ORDER TO SHOW CAUSE

This matter is before the Court on plaintiff's amended complaint (Doc. #19) in this civil rights action brought under *Bivens*[1]. The Court has conducted an initial review of the complaint under 28 U.S.C. §1915A and enters the following findings and order.

### Background

The amended complaint names as defendants the United States of America and the following employees of the federal Bureau of Prisons (BOP): Mark S. Inch, Director of the BOP; Eian Guy, Administrator of Inmate Appeals; the unnamed Regional Director of the North Central Region of the BOP; former Warden Claude Maye of the U.S. Penitentiary, Leavenworth, Kansas (USPL); Lieutenant Sweeting, a supervisory officer at USPL; and Correctional Officer Schwarz at USPL. Plaintiff also names the Unit Disciplinary Committee at USPL as a defendant.

The complaint alleges that in 2015, plaintiff was found guilty in three incident reports. Although he does not detail the nature of those reports, he states that the sanctions imposed were brief losses of commissary privileges, telephone use, and visitation. The reports

---

[1]*Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

later were expunged. Plaintiff alleges that he suffered mental anguish and hardship as a result of the sanctions.

The complaint also alleges that on January 16, 2015, defendant Schwarz escorted him to the office of defendant Sweeting where he underwent a strip search. Plaintiff claims that conducting the strip search in that office violates a liberty interest established by an unidentified BOP Program Statement, but he does not identify the specific supporting facts upon which relies. He seeks damages and costs.

### Screening

A federal court must conduct a preliminary review of any case in which a prisoner seeks relief against a governmental entity or an officer or employee of such an entity. *See* 28 U.S.C. §1915A(a). Following this review, the court must dismiss any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from that relief. *See* 28 U.S.C. § 1915A(b).

In screening, a court liberally construes pleadings filed by a party proceeding pro se and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

To avoid a dismissal for failure to state a claim, a complaint must set out factual allegations that "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court accepts the well-pleaded allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Id*. However, "when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to

relief," the matter should be dismissed. *Id*. at 558. A court need not accept "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, "to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

The Tenth Circuit has observed that the U.S. Supreme Court's decisions in *Twombley* and *Erickson* set out a new standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii) dismissals. *See Key v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007)(citations omitted). Following those decisions, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (quotation marks and internal citations omitted). A plaintiff "must nudge his claims across the line from conceivable to plausible." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). In this context, "plausible" refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct much of it innocent," then the plaintiff has not "nudged [the] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (citing *Twombly* at 1974).

### Disciplinary sanctions

As a prisoner, plaintiff retains "only a narrow range of protected liberty interests." *Rezaq v. Nalley*, 677 F.3d 1001, 1011 (10th Cir. 2012)(internal citation omitted). In *Sandin v. Connor*, 515

U.S. 472, 484 (1995), the United States Supreme Court held that for a prisoner, a "liberty interest will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id*. at 483-84.

The Eighth Amendment requires prison officials to "provide humane conditions of confinement … [and] "take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan*, 511 U.S. 825,, 832 (1994)(quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)).

A prisoner alleging Eighth Amendment violations arising from his conditions of confinement must allege and prove an objective component, showing that he is "incarcerated under conditions posing a substantial risk of serious harm", *Farmer*, 511 U.S. at 834 (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). The prisoner also must allege and prove a subjective component showing that the defendant official acted with a sufficiently culpable state of mind, defined as "'deliberate indifference' to inmate health or safety." *Farmer,* 511 U.S. at 834 (quoting *Wilson*, 501 U.S. at 302-03).

Here, the brief denials of commissary, visitation, and telephone access described by the plaintiff do not suggest any atypical hardship was imposed upon him that warrants constitutional protection and do not plausibly state a claim under the Eighth Amendment. Rather, these brief limitations on privileges normally afforded to inmates are well within the ordinary events of prison life. *See Muhammad v. Finley*, 74 Fed.Appx. 847, 849 (10th Cir. 2003)(disciplinary segregation and

loss of commissary privileges did not give rise to a liberty interest); *Blum v. Fed. Bureau of Prisons*, 1999 WL 638232 (10th Cir. Aug. 23, 1999)(90-day period without commissary, radio, and telephone access did not implicate a liberty interest); *Phillips v. Glanz*, 2015 WL 729686 (N.D. Okla. Feb. 19, 2015)(freezing of inmate's commissary account and denying visitation and phone privileges for 21 months did not violate Eighth Amendment); and *Davis v. Sturch-Sheriff*, 2013 WL 5366976 (E.D. Okla. Sep. 24, 2013)(12 day period during which prisoner was not allowed to purchase clothing or hygiene item and was denied telephone and visitation privileges did not violate Eighth Amendment).[2]

Finally, under the Prison Litigation Reform Act, "[n]o civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). Therefore, plaintiff's claims of mental anguish and hardship arising from the sanctions imposed for the incident reports do not state a claim for relief.

### Strip search

Plaintiff claims that his rights were violated when he was subjected to a visual strip search in an office at USPL. He does not challenge the procedure itself but contends that he has a liberty interest created by an unidentified BOP Program Statement to have the search conducted in a private location.

Prisoners have a Fourth Amendment right to be free from

---

[2] The Court notes that at least one other court has considered and rejected similar claims by plaintiff. See *Staples v. USA, et al.*, 2017 WL 5640877 *2 (W.D. La. Sep. 25, 2017)(rejecting plaintiff's claims for damages for 30 days in special housing unit, 60 days loss of visitation, 60 days loss of phone privileges, and 120 days loss of commissary; sanctions identified were not atypical or significant and did not implicate a protected liberty interest).

unreasonable search and seizure. *Foote v. Spiegel*, 118 F.3d 1416, 1425 (10th Cir. 1997). However, correctional officers must be allowed to conduct such searches under reasonable conditions to promote legitimate penological goals, such as detecting contraband. *See Bell v. Wolfish*, 441 U.S. 520, 558 (1979). *See also Leek v. Miller*, 698 Fed.Appx. 922, 926 (10th Cir. 2017)(unpublished)("strip searches of prisoners are not per se prohibited")(citing *Farmer v. Perrill*, 288 F.3d 1254, 1260 (10th Cir. 2002)(strip search of a prisoner must be "reasonably related to a legitimate penological interest").

Here, plaintiff acknowledges that the search he underwent was conducted in an office with two staff members present. He does not allege that he was touched, taunted, or viewed by other inmates, and he does not challenge the purpose of the search or allege any physical harm. These conditions persuade the Court that the strip search of which plaintiff complains was conducted under reasonable circumstances and does not support a claim for relief.

**Remaining claims**

The amended complaint makes no specific claims against the Director of the BOP, the Administrator of the National Inmate Appeals, a Regional Director of the BOP, or former Warden Maye. Liability in a *Bivens* action can only be based upon a defendant's personal participation in the alleged deprivation of rights. *See Kite v. Kelley*, 546 F.2d 334, 338 (10th Cir. 1976). While the portion of the complaint that addresses the nature of the case states that these defendants denied or rejected his claims (Doc. #19, p. 5), the denial of grievances alone, without any connection to the violation of constitutional rights, is insufficient to establish personal participation in the alleged violations. *Whitington v. Ortiz*, 307

Fed.Appx. 179, 193 (10th Cir. 2009)(quoting *Larson v. Meek*, 240 Fed.Appx. 777, 780 (10th Cir. 2007)). Accordingly, these defendants are subject to dismissal.

Likewise, plaintiff offers no claims against the United States or the Unit Discipline Committee, and these defendants also are subject to dismissal.

### Order to Show Cause

For the reasons set forth, this matter is subject to dismissal. Plaintiff is granted to and including May 17, 2018, to show cause why this matter should not be dismissed for failure to state a claim for relief. The failure to file a timely response may result in the dismissal of this matter without additional prior notice.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff is granted to and including May 17, 2018, to show cause as directed.

**IT IS SO ORDERED.**

DATED: This 17th day of April, 2018, at Topeka, Kansas.

S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge